**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

HECTOR MARTINEZ-ROBOS,
Defendant.

Case No.: 19-cr-00369-DMS

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT**

Pending before the Court is Defendant Hector Martinez-Robos' Motion for Relief from Judgment Pursuant to Rule 60(b)(6) ("Motion"). (Mot., ECF No. 176); *see* Fed. R. Civ. P. 60(b). The Government filed an opposition and Defendant filed a reply. (Opp'n, ECF No. 178; Reply, ECF No. 181). For the following reasons, Defendant's Motion is denied for lack of jurisdiction.[1]

## I. BACKGROUND

On November 20, 2019, a jury convicted Defendant of "Importation of Cocaine into the United States from a place outside thereof." (ECF No. 91). On July 24, 2020, the Court sentenced Defendant to the mandatory minimum of 120 months of imprisonment followed

[1] Defendant's Motion to Request Status of Pending Motion Rule 60(b) is **DENIED AS MOOT**. (ECF No. 182).

by three years of supervised release. (ECF No. 115 at 1, 3; ECF No. 135 at 9). Defendant appealed and the Ninth Circuit affirmed the Court's decision. (ECF No. 152; *see* ECF No. 155 (denying a writ of certiorari to the Supreme Court)). On October 31, 2023, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, alleging ineffective assistance of counsel. (ECF No. 158 at 1, 5). As ordered by the Court, the Government responded and, after multiple extensions, Defendant replied on July 22, 2024. (ECF Nos. 159, 160, 166). On September 23, 2024, the Court denied Defendant's motion and the Ninth Circuit subsequently denied a certificate of appealability. (ECF Nos. 171, 175). On September 5, 2025, Defendant filed the present Motion. (Mot. 1). On September 29, 2025, the Court ordered the Government to respond. (ECF No. 177). The Government filed an opposition on October 29, 2025, and Defendant filed a reply on November 25, 2025. (ECF Nos. 178, 181). In the Motion, Defendant argues that his conviction should be vacated because three sworn-in court clerks were permitted to enter the jury room during deliberations and that after the trial, his attorney attempted to coerce him into entering a guilty plea. (Mot. 2).

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). This includes in a habeas action where the proceedings are closed and there was a "defect in [their] integrity," such as "fraud on the habeas court, . . . an unconscionable plan or scheme [] designed to improperly influence the court," or something else "that happened during that proceeding that rendered its outcome suspect." *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citation modified) (confirming that *Gonzalez* applies to actions brought under 28 U.S.C. § 2255 for individuals convicted in federal court). However, Rule 60(b) is a rule of civil procedure and "cannot be used to collaterally attack a *criminal* conviction." *Dubin v. Real*, 191 F. App'x 528, 530 (9th Cir. 2006); *see* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and

proceedings in the United States district courts . . . ."). "If the [Rule 60(b)] motion presents a claim, i.e., an asserted federal basis for relief from a judgment of conviction, then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (citation modified).

Under § 2255, the Court may "vacate, set aside or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). However, a prisoner "is generally limited to one motion under § 2255" and "may file a 'second or successive' motion only if the appropriate court of appeals certifies that the motion contains newly discovered, dispositive evidence or relies on a new constitutional rule made retroactive to collateral proceedings." *Washington*, 653 F.3d at 1059; *Tong v. United States*, 81 F.4th 1022, 1024 (9th Cir. 2023) (citing § 2255(h)); *see* § 2244(b)(3); *see also* § 2255(f) (setting time limits for § 2255 motions). Absent that certification, the Court lacks jurisdiction over a second or successive motion and it must be dismissed. *Washington*, 653 F.3d at 1065.

## III. DISCUSSION

Defendant filed the Motion in his criminal case, seeking relief from the judgment of conviction. (Mot. 1). However, a Rule 60(b) motion cannot be used to collaterally attack a criminal conviction. *Dubin*, 191 F. App'x at 530. Even if the Motion were construed as arising from Defendant's previous § 2255 proceeding, it does not provide a vehicle for relief as it does not allege there was a defect in the integrity of the habeas proceedings. *Buenrostro*, 638 F.3d at 722; *see Martinez-Robos v. United States*, No. 3:23-cv-02064-DMS (S.D. Cal.). Instead, Defendant's Motion presents new substantive claims "and should [therefore] be treated as a disguised § 2255 motion." *Washington*, 653 F.3d at 1063; (*see* Mot. 1 (noting that the Motion "addresses serious defects in the integrity of the criminal proceedings themselves")).

The next question is whether Defendant's Motion is a second or successive § 2255 motion such that a certificate from the appropriate court of appeals is required. *See* §§ 2244(b)(3), 2255(h). "The phrase 'second or successive petition' is a term of art" and those "that are filed second-in-time are not necessarily second or successive." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000); *Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017). Instead, the inquiry turns on whether the Court dismissed the original motion "on technical procedural grounds without reaching the merits" or "if the factual predicate for the [new] claim[s] accrued only after the time of the initial petition." *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). In those cases, the new motion is not considered second or successive. Here, Defendant's original § 2255 motion was decided on the merits, with the Court finding there was not ineffective assistance of counsel. (ECF No. 171 at 3–4). Further, the present Motion challenges sworn-in court clerks allegedly entering the jury room during deliberations and Defendant allegedly being pressured to enter a guilty plea after the trial. (Mot. 2–3). Neither of these claims has a factual predicate that accrued after Defendant's original § 2255 motion was filed on October 31, 2023. (ECF No. 158). Accordingly, despite Defendant's characterization, the Court finds the present Motion is second or successive. (*See* Mot. 1 ("This motion is not a succesive [sic] or second §2255 motion.")). As Defendant has not obtained authorization from the Ninth Circuit, the Motion is denied for lack of jurisdiction. *See Washington*, 653 F.3d at 1065 (confirming § 2255(h) is jurisdictional).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion for Relief from Judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Hon. Dana M. Sabraw
United States District Judge